IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                               Case No. 17-10022-01-JTM

MAIRANI Y. LLAMAS,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on a motion by defendant Mairani Llamas to set conditions of release. (Dkt. 77). Defendant previously entered a plea of guilty and is in custody awaiting sentencing. She asks that she be released to live with her parents in Fresno, California, until sentencing on January 10, 2018, or until a self-surrender date. The United States opposes the motion. (Dkt. 78). For the reasons discussed below, defendant's motion is denied.

**I. Background**

Defendant was charged by indictment with unlawful possession with intent to distribute more than fifty grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Dkt. 17). The circumstances of her arrest were outlined in an affidavit attached to the initial complaint. (Dkt. 1). The Magistrate Judge ordered that defendant be detained pending trial, citing a rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3) based on the potential for imprisonment of more than ten years under the Controlled Substances Act (CSA). (Dkt. 27). The Magistrate found the

presumption was unrebutted, noting the weight of the evidence was strong, defendant was subject to a lengthy period of incarceration if convicted, and she had significant family ties outside of the United States. The Magistrate found no conditions or combination of conditions that would reasonably assure the defendant's appearance at trial.

On September 27, 2017, defendant waived indictment and pled guilty to a one-count superseding information charging one count of possession with intent to distribute more than 50 grams of a mixture containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Dkts. 63-67). The parties entered into a plea agreement under Fed. R. Crim P. 11(c)(1)(C), which asks the court to impose a sentence of 84 months imprisonment. (Dkt. 67). The court accepted the plea of guilty and set sentencing for January 10, 2018. (Dkts. 66, 68).

**II. Standard**

Section 3143(a) of Title 18 governs the release or detention of a defendant pending sentence. In the case of a person who has been found guilty of an offense for which the maximum term is ten years or more under the CSA — as is true in defendant's case — the statute provides that the judge "shall order that a person who has been found guilty of [such] an offense … and is awaiting imposition or execution of sentence be detained" unless one of two exceptions is satisfied. § 3143(a)(2). The first exception is where the court finds a substantial likelihood that a motion for acquittal or for new trial will be granted. That exception does not apply here. The second exception is where the Government recommends that no term of imprisonment be imposed <u>and</u>

there is clear and convincing evidence the defendant is not likely to flee or pose a danger. This exception does not apply either, as the Government is recommending a sentence of imprisonment under the plea agreement.

The courts also recognize a third exception. A person who is unlikely to flee or pose a danger "may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." § 3145(c). "Exceptional" means "clearly out of the ordinary, uncommon, or rare." *United States v. Hosier*, 617 F.App'x 910, 913 (10th Cir. June 19, 2015) (quoting *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (per curiam)). A court has discretion to consider all of the circumstances, "[b]ut the question is 'whether, due to any truly unusual factors or combination of factors … it would be unreasonable to incarcerate the defendant pending sentencing." *Id.* (quoting *United States v. Garcia*, 340 F.3d 1013, 1019 (9th Cir. 2003)).

In support of her motion, defendant cites the fact that she has a four-year-old daughter who is currently being cared for by defendant's parents in California. Defendant asks that she be allowed to re-bond with her daughter over the holidays before beginning her sentence.

The forced separation of the defendant and her daughter is clearly a tragic circumstance. Unfortunately, that separation is a result of defendant's involvement in a significant drug distribution scheme pursuant to which she left California and came to Kansas. Defendant has now pled guilty and is facing an 84-month prison sentence. As the Magistrate Judge noted, defendant has significant family ties to Mexico.

The court cannot find it would be unreasonable under these circumstances to incarcerate the defendant pending sentencing. The record indicates a significant risk of flight should defendant be released. The circumstances of defendant's separation from her daughter are unfortunate but do not render it unreasonable to incarcerate the defendant pending sentence.

**IT IS THEREFORE ORDERED** this 9th day of November, 2017, that defendant's Motion to Set Conditions of Release (Dkt. 77) is DENIED.

___s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE
